DECISION AND JUDGMENT ENTRY
{¶ 1} Appellants appeal the judgment of the Sandusky County Court of Common Pleas, denying their claim to disputed property and granting quiet title to appellees. For the reasons that follow, we affirm.
 {¶ 2} Donald and Faye Mitchell and appellees, Dwight and Darlene Wise, own farmland adjacent to that of appellants, Kenneth W. and Jean M. Thomas, in Jackson Township, Sandusky County, Ohio. The west edge of the Thomas' property is wooded, *Page 2 
with the remnants of a fence on its western edge. Beyond the fence is land owned and farmed by the Mitchells and appellees, the larger portion belonging to appellees.
 {¶ 3} Appellants purchased their property 1999. A survey of the land conducted near the time of appellants' purchase set a boundary line obtained from the legal description at approximately 10 feet beyond the fence line. When appellants' surveyor set a boundary stake to the west side of the fence line, Donald Mitchell and appellee Dwight Wise filed affidavits on facts relating to title with the county recorder, pursuant to R.C. 5301.252.
 {¶ 4} Appellee Wise averred that he had owned the land at issue since 1952 and that, to his knowledge, the fence line had been the "historical border" between the parcels for that entire time. According to Mitchell, his land had been in his family for more than 100 years and, by his knowledge, the fence had been in place since 1940 and marked the "historical boundary" between the farms.
 {¶ 5} Appellants responded to the Mitchell/Wise affidavits by initiating the suit which underlies this appeal. Appellants sought a declaration of the rights of the parties for the disputed strip. Both the Mitchells and appellees were named defendants. In response, appellees and the Mitchells denied appellants' right to the property and sought quiet title for themselves.
 {¶ 6} The matter moved to a trial before the court, following which the court found that the Mitchells and appellees had established their claim in the disputed strip of land by both adverse possession and under the doctrine of acquiescence. The court *Page 3 
ordered appellants' interest in the strip extinguished and real estate records be amended to reflect the Mitchells' and appellees' ownership.
 {¶ 7} From this judgment, appellants appeal, but only that portion of the judgment concerning appellees. Appellants set forth the following two assignments of error:
 {¶ 8} "FIRST ASSIGNMENT OF ERROR
 {¶ 9} "It was error for the Trial Court to find pursuant to the doctrine of acquiescence the boundary between Appellants [sic] and Appellees [sic] properties was not the legal boundary but a fence line lying 10 feet east of the legal boundary because the Appellees in this action at trial failed to prove by clear and convincing evidence that Appellees utilized the property between the legal boundary and Appellees [sic] proposed new boundary line for a period of 21 years prior to the filing of their counterclaim.
 {¶ 10} "SECOND ASSIGNMENT OF ERROR
 {¶ 11} "It was error for the Trial Court to find pursuant to the doctrine of adverse possession the boundary between Appellants [sic] and Appellees [sic] properties was not the legal boundary but a fence line lying 10 feet east of the legal boundary because the Appellees in this action at trial failed to prove by clear and convincing evidence that they had occupied their land up to the new boundary line openly and exclusively for 21 years prior to the filing of their counterclaim."
 {¶ 12} We shall discuss appellants' assignments of error together. *Page 4 
 {¶ 13} Adverse possession is a device by which one who makes use of property over a statutorily set period of time may defeat the title of a legal owner who does not assert his or her rights. The purpose and policy of adverse possession is to suppress long dormant claims, quiet estates and enforce diligence on the part of the owner. Boyer, Survey Law of Property (3 ed. 1981), 237; Clark v. Potter (1876),32 Ohio St. 49, 59.
 {¶ 14} Nevertheless, a legal action that results in one holding legal title to land forfeiting ownership to another without compensation is disfavored. Grace v. Koch (1998), 81 Ohio St.3d 577, 580. Thus, for one to obtain title by adverse possession, one must prove by clear and convincing evidence the elements necessary to support such a claim. Id., syllabus. To prevail on such a claim, the party claiming title to land by adverse possession must show that he or she held exclusive possession which was open, notorious, continuous and adverse for the 21 years provided in R.C. 2305.04. Id. at 579. Ordinarily, whether these elements have been shown is a question of fact. State Dept. of Adm. Serv. v.Morrow (Dec. 6, 1991), 4th Dist. No. 91CA13. Once adverse possession is established, however, the acquired title is indefeasible. Ault v.Prairie Farmers Co-op Co. (Sept. 25, 1981), 6th Dist. No. WD-81-21.
 {¶ 15} A less familiar construct is the doctrine of acquiescence. The doctrine,
 {¶ 16} "* * * is applied in instances where adjoining land owners occupy their respective properties up to a certain line and mutually recognize and treat that line as if it were the boundary separating their properties. Various jurisdictions tend to delineate different elements for acquiescence because this doctrine is frequently confused with and *Page 5 
mingled with the elements of the separate doctrines of adverse possession, estoppel and agreement. Generally, however, the following two requisites must be present in order to apply the doctrine of acquiescence. First, the adjoining land owners must mutually respect and treat a specific line as the boundary to their property. Second, that line must be treated as such for a period of years, usually the statutory time period required for adverse possession." (Citations omitted.) Ballard v. Tibboles (Nov. 8, 1991), 6th Dist. No. 91-OT-013.
 {¶ 17} The same policy considerations that dictate a clear and convincing standard of proof for adverse possession apply equally to the doctrine of acquiescence. Consequently, to sustain either device there must be presented competent, credible evidence by which the trier of fact could have reached a firm belief or conviction that the elements necessary to support acquiescence or adverse possession were met.C.E. Morris v. Foley Construction Co. (1978), 54 Ohio St.2d 279, syllabus; Cross v. Ledford (1954), 161 Ohio State 469, paragraph three of the syllabus.
 {¶ 18} At trial, appellee Dwight Wise testified that the fence was present when his father purchased the land in 1952. Wise's father, then Wise, farmed the land up to the fence for some time. This testimony was supported by Jim Heins, whose father was a tenant farmer on the land now owned by appellants.
 {¶ 19} Donald Mitchell testified that his land has been in his family since 1861. Mitchell testified that he helped his father erect the current fence in "`42 or `3" as a replacement for an earlier fence. According to Mitchell, his father and the Toms family, *Page 6 
predecessors in interest to appellants, shared the material costs for the replacement. A 48 inch, woven wire fence was built, according to Mitchell, to contain cattle pastured on both sides.
 {¶ 20} The unrefuted testimony, if believed by the trier of fact, establishes a mutually recognized boundary line likely existing before World War II and nearly certainly from 1943. This would set a boundary line by acquiescence by 1964.
 {¶ 21} Moreover, on the same evidence, it appears that appellees, or their predecessors in interest, held the land for the same period continuously, exclusively, openly and notoriously. That the fence line was erroneously believed to be the true boundary, makes its possession and use no less adverse. Yetzer v. Thomas (1866), 17 Ohio St. 130, 133. Thus, the elements of adverse possession were established by 1964.
 {¶ 22} At trial and here, appellants suggest that because the fence is in significant disrepair and trees with trunks as much as 6 inches in diameter grow in the disputed strip, this is evidence that appellants no longer retain their interest in the land. This is not a material issue. Once adverse possession is acquired, the adverse possessor acquires a fee title in the land and need not continue acting adversely to the title property owner's interest, only to maintain his or her possessory interest. Heider v. Unknown Heirs, 6th Dist. No. WD-05-012,2006-Ohio-122, ¶ 37, 38, citing State ex rel. A. A. A. Investments v.Columbus (1985), 17 Ohio St.3d 151, 152.
 {¶ 23} Consequently, there was competent, credible evidence by which the trial court could have reached a firm belief that the elements of acquiescence or adverse *Page 7 
possession were established. Accordingly, both of appellants' assignments of error are not well-taken.
 {¶ 24} On consideration whereof, the judgment of the Sandusky County Court of Common Pleas is affirmed. Appellants are ordered to pay costs of this appeal pursuant to App.R. 24. The judgment for the clerks' expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Sandusky County.
JUDGMENT AFFIRMED
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Mark L. Pietrykowski, P.J., Arlene Singer, J., Thomas J. Osowik, J., Concur. *Page 1