[Cite as *Gaskill v. Baughman*, 2012-Ohio-2130.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

EARL D. GASKILL,

     PLAINTIFF-APPELLEE,             CASE NO.  1-11-62

     v.

JERRY BAUGHMAN, ET AL.,           O P I N I O N

     DEFENDANTS-APPELLANTS.

Appeal from Allen County Common Pleas Court
Trial Court No. CV20090363

Judgment Reversed and Cause Remanded

Date of Decision:  May 14, 2012

APPEARANCES:

    *Steven L. Diller*  for Appellants

    *Jerry M. Johnson and Christine M. Bollinger*  for Appellee,
        Earl D. Gaskill

**PRESTON, J.**

{¶1} Defendant-appellants, Jerry and Janice Baughman ("the Baughmans"), appeal the Allen County Court of Common Pleas' decision granting partial summary judgment in favor of plaintiff-appellee, Earl D. Gaskill ("Gaskill"). For the reasons that follow, we reverse.

{¶2} Gaskill purchased 18½ acres of land from Susan Sees on April 16, 1966. (Gaskill Deed). Mary Spicer ("Spicer") owned 20 acres of land bordering the south of Gaskill's parcel from that time until September of 2007. (Strayer Affidavit at ¶ 2); (Baughman Affidavit at ¶ 2). On September 13, 2007, the Baughmans purchased the 20 acre parcel from Spicer. (Baughman Affidavit at ¶ 2); (Baughman Deed).

{¶3} In the spring of 2008, Gaskill harvested hardwood trees located on the border of the two plots. (Gaskill Affidavit at ¶ 10). Gaskill separated the wood into piles intending to remove them at a later date. (*Id*.).

{¶4} On April 23, 2008, the Baughmans hired Bacon & Associates, LLC to perform a survey of their property. (Baughman Affidavit at ¶ 4). Following the survey, the Baughmans authorized brush and wood to be cleared from a tree line on the north border of their property, claiming the tree line was part of their parcel. (*Id*. at ¶ 6).

{¶5} On November 21, 2008, Gaskill filed a complaint in the Lima Municipal Court. (Complaint). Gaskill alleged that the tree line was part of his property. (*Id*.). Gaskill also alleged that the Baughmans had removed the wood Gaskill had harvested and sought damages of $900. (*Id*.). On January 14, 2009, the Baughmans filed an answer and counterclaim alleging they were the owners of the tree line based on the survey. (Answer).

{¶6} On April 9, 2009, the Lima Municipal Court transferred the case to the Allen County Court of Common Pleas because it involved a title dispute to real estate. (Doc. No. 1).

{¶7} On September 21, 2009, the Baughmans filed a motion for summary judgment. (Doc. No. 5). On December 11, 2009, Gaskill filed a response to the Baughmans' motion as well as his own motion for summary judgment. (Doc. No. 14). On January 27, 2010, the trial court denied both motions because the parties' conflicting surveys created a genuine issue of material fact, and Gaskill failed to argue he gained the land by adverse possession in his complaint prior to raising it on summary judgment. (Doc. No. 17).

{¶8} On February 25, 2010, Gaskill filed an amended complaint alleging he had adversely possessed the disputed tree line. (Doc No. 20). Gaskill filed his answer to the Baughmans' counterclaim on that same day. (Doc. No. 21). The

Baughmans filed their answer to Gaskill's amended complaint on March 19, 2010. (Doc. No. 22).

{¶9} On August 1, 2011, Gaskill filed a second motion for summary judgment. (Doc. No. 47). On August 15, 2011, the Baughmans filed their response to Gaskill's motion. (Doc. No. 51).

{¶10} On September 27, 2011, the Allen County Court of Common Pleas granted Gaskill's motion in part. (Doc. No. 52). The trial court determined that Gaskill owned the disputed tree line under the doctrine of acquiescence. (*Id.*). The trial court stated that a genuine issue of material fact remained regarding whether the Baughmans had taken Gaskill's wood, and denied Gaskill's motion as to his claim for monetary damages. (*Id.*). The trial court certified that the judgment was a final, appealable order pursuant to Civ. R. 54. (*Id.*).

{¶11} On October 24, 2011, the Baughmans filed a notice of appeal and now raise one assignment of error for our review.

### ASSIGNMENT OF ERROR

**THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN APPELLEES' FAVOR BECAUSE APPELLEES FAILED TO MEET THEIR BURDEN TO PROVE THAT NO GENUINE ISSUE OF MATERIAL FACT EXISTED AS TO THE ACQUISITION OF THE DISPUTED PROPERTY BY APPELLEE THROUGH THE DOCTRINE OF ACQUIESCENCE**

{¶12} In their sole assignment of error, the Baughmans argue the trial court erred in granting Gaskill's motion for summary judgment because there is a genuine issue of material fact regarding the location of the fence row. The trial court determined that Gaskill owned the property north of the fence row. The Baughmans contend that the trial court's decision was in error because the affidavits submitted to the trial court provided contradictory evidence regarding whether the fence row included the disputed tree line. The Baughmans rely on Randy Strayer's ("Strayer") affidavit, where Strayer averred that the fence row and tree line were an open and obvious boundary, as well as Jerry Baughman's affidavit where he averred that the cement posts were located within the tree line. (Strayer Affidavit at ¶ 9); (Baughman Affidavit at ¶ 3). The Baughmans argue that this evidence is contrary to the trial court's determination that Gaskill owns the land north of the fence row, including the tree line, because it is unclear that the disputed tree line is north of the fence row. The Baughmans contend the trial court erred by granting summary judgment because this evidence creates a genuine issue of material fact.

{¶13} We review a decision to grant summary judgment de novo. *Doe v. Shaffer*, 90 Ohio St.3d 388, 390 (2000). Summary judgment is proper where there is no genuine issue of material fact, the moving party is entitled to judgment as a matter of law, reasonable minds can reach but one conclusion when viewing the

evidence in favor of the non-moving party, and that conclusion is adverse to the non-moving party. Civ.R. 56(C); *State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn.*, 69 Ohio St.3d 217, 219 (1994).

{¶14} In the present case, the trial court granted Gaskill's motion for summary judgment based on the doctrine of acquiescence. (Doc. No. 52). The doctrine of acquiescence applies in cases where adjoining land owners mutually recognize and treat a specific line as the boundary separating their properties. *Merriner v. Goddard*, 7th Dist. No. 08-MO-2, 2009-Ohio-3253, ¶ 57, citing *Robinson v. Armstrong*, 5th Dist. No. 03CA12, 2004-Ohio-1463, ¶ 35. "Acquiescence rests upon the practical reality that the true location of most boundary lines is uncertain between two property owners, and that neighbors may establish between themselves a boundary * * *." *Richardson v. Winegardner*, 3d Dist. No. 1-99-56, *3 (Nov. 2, 1999). Some jurisdictions establish specific elements for the doctrine of acquiescence because the doctrine is frequently confused and comingled with adverse possession. *Thomas v. Wise*, 6th Dist. No. S-06-043, 2007-Ohio-3467, ¶ 16. The Supreme Court of Ohio recognized the doctrine of acquiescence in *Bobo v. Richmond*, where it stated:

> [W]e hold the principle to be well settled that an agreement upon a
> division line between adjoining land-owners, different from the true
> line, the true line being certain, and not a disputed line, and

acquiescence by all the parties in such agreed line, for a length of time that would bar a right of real estate, would operate to prevent a party purchasing from one of such owners, with notice of the agreed line, from setting up a claim to any line other than that agreed upon, although the occupancy had not been such as, aside from the marking of the agreed line, would amount to a continuous possession of the entire premises up to the agreed line, for the whole time.

25 Ohio St. 115, 122 (1874). Ohio courts have since applied the doctrine of acquiescence in instances where the adjoining landowners treated a specific line as the boundary for the period of time required for adverse possession. *Matheson v. Morog*, 6th Dist. No. E-00-017, *4 (Feb. 2, 2001); *Burkitt v. Shepherd*, 4th Dist. No. 05CA744, 2006-Ohio-3673, ¶ 15; *Merriner* at ¶ 57.

{¶15} The trial court determined that Gaskill and Spicer, the owner of the property prior to the Baughmans, treated the fence row as the boundary for at least 35 years. (Doc. No. 52). The evidence presented on summary judgment supports this finding. In his affidavit, Gaskill averred that he believed the fence row was the boundary between his and the Baughmans' property. (Gaskill Affidavit at ¶ 6). Gaskill further averred that Spicer, his previous neighbor, had maintained the property south of the fence row and also treated the fence row as the boundary between the properties since he took possession of the land in 1966. (*Id*. at ¶ 8). In

his affidavit, Strayer averred that he was Spicer's tenant farmer for 35 years. (Strayer Affidavit at ¶ 1-2). Strayer averred that Spicer informed him that the fence row was the boundary between her and Gaskill's properties. (*Id*. at ¶ 3). Strayer also averred that during the 35 years that he farmed Spicer's land, he only farmed south of the fence row. (*Id*. at ¶ 4).

**{¶16}** We agree with the trial court that this evidence establishes that Gaskill and Spicer mutually treated the fence row as the boundary between their properties for at least 35 years, which is longer than the 21 years required to establish adverse possession. *Bidlack v. Hubert*, 3d Dist. No. 11-07-06, 2008-Ohio-83, ¶ 27. However, we disagree that this evidence alone results in Gaskill owning the land through the doctrine of acquiescence after Spicer's conveyance of her property to the Baughmans.

**{¶17}** In *Bobo*, the Supreme Court of Ohio stated that an agreement between adjoining landowners that changed the boundary between their properties "would operate to prevent a party purchasing from one of such owners, *with notice of the agreed line*, from setting up a claim to any line other than that agreed upon * * *." *Bobo*, 25 Ohio St. 115 at 122 (emphasis added). Further review of Ohio case law reveals that courts have used the doctrine of acquiescence in cases where the facts demonstrated the parties had notice of the agreed boundary. *See Richardson*, 3d Dist. No. 1-99-56 (New owner admitted he knew the neighbor treated the

disputed land as part of his parcel because the new owner had purchased the property from a family member he visited frequently); *Shepherd*, 2006-Ohio-3673 (Parties disputing the boundary had always viewed the road as the boundary through a mutual mistake); *Powell v. Valandingham*, 4th Dist. No. 10CA24, 2011-Ohio-3208 (Neighbors had recognized a fence as the boundary between their properties for over 30 years); *Simon v. Kreunz*, 6th Dist. No. F-96-020 (Apr. 25, 1997) (Parties had treated a fence and tree row as the boundary for 40 years); *McGregor v. Hanson*, 11th Dist. No. 99-G-2228 (June 16, 2000) (Barn was partially located on adjoining parcel from 1893 until quiet title action in 1987).

{¶18} In the present case, there is a genuine issue of material fact regarding whether the Baughmans had notice of the agreed boundary. Unlike many of the prior cases where courts have applied the doctrine of acquiescence, the Baughmans were new purchasers and not a party to the agreement to treat the fence row as the boundary between the properties. *See Burkitt*; *Powell*; *Simon*. The evidence before this Court does not clearly address whether the Baughmans otherwise had notice that the fence row was treated as the boundary between the parcels. Gaskill argues that the fence row creates a clear boundary between the properties. Gaskill averred that a fence row existed between the properties that "had cement posts in place and old fencing attached" that separated the two parcels. (Gaskill Affidavit at ¶ 5). Gaskill further averred that the Baughmans

removed the fence row. (*Id*. at ¶ 11). Strayer averred that "the fence row and tree line were an open and obvious boundary between the two (2) farms." (Strayer Affidavit at ¶ 9). The Baughmans disagree that the fence row was a clear boundary. Jerry Baughman averred that "there were a few posts (some of which were wrapped in wire) located within the disputed tree line" but failed to acknowledge the existence of a fence or fence row. (Baughman Affidavit at ¶ 3). Jerry Baughman also averred that he authorized the clearing of brush and wood from the tree line, but made no mention of the removal of the posts. (*Id*. at ¶ 6). Additionally, the deed conveying Spicer's property to the Baughmans made no mention of the fence row as the boundary and stated that the land was "free and clear from all encumbrances." (Baughman Deed). Since there is a genuine issue of material fact regarding whether the Baughmans had notice of the agreed boundary, we cannot conclude that Gaskill owns the disputed land through the doctrine of acquiescence.

{¶19} We now turn to the question of whether, viewing the evidence in the light most favorable to the non-moving party, there is a genuine issue of material fact without applying the doctrine of acquiescence. The Baughmans and Gaskill each contend that they own the disputed tree line bordering their properties. (Gaskill Affidavit); (Baughman Affidavit). The Baughmans have presented a survey plat completed by Bacon & Associates, LLC (Bacon survey plat) as

evidence that they own the disputed property. The Baughmans argue that the boundary line from this survey is north of the disputed tree line. (Baughman Affidavit at ¶ 5). However, the Bacon survey plat does not indicate where the fence row and tree line are located in relation to the boundary between the properties. (Bacon survey plat). Thus, it is not clear whether the Baughmans own the disputed property based on the evidence presently before this Court.

{¶20} In support of his contention that he owns the fence row and tree line, Gaskill has produced a survey plat completed by Brad Core (Core survey plat), photographs of the posts in the fence row, and photographs of the chopped wood. According to the Core survey, the boundary between the properties is south of the boundary established in the Bacon survey. (Core survey plat). The Core survey plat notes that a maple tree is located on the boundary between the properties along with a concrete corner post. (*Id*.). However, the Core survey plat does not make any other reference to the fence row or tree line. (*Id*). Similarly, Gaskill's photographs do not demonstrate where the fence row and tree line are located in relation to one another, or where they are located in relation to the boundary established in the Core survey. The photographs of the posts from the fence row show a post in isolation, thus it is unclear whether the post is located north or south of the tree line, and whether the posts establish an obvious boundary between the properties. Gaskill's photographs of the chopped wood also show the

wood in isolation, without any reference to the fence row or the tree line. Consequently, it is not clear from the evidence the parties have presented whether the Core survey or the Bacon survey establish the correct boundary between the properties. Viewing this evidence in the light most favorable to the non-moving party, we find that there are multiple issues of material fact regarding which survey is correct and where the fence row is located in relation to the tree line. Consequently, Gaskill is not entitled to summary judgment because he has not demonstrated that he has acquired the disputed land through the doctrine of acquiescence and, if the doctrine of acquiescence does not apply, there remain genuine issues of material fact precluding summary judgment.

{¶21} The Baughmans' assignment of error is, therefore, sustained.

{¶22} Having found error prejudicial to the appellants herein in the particulars assigned and argued in his assignment of error, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

*Judgment Reversed and*
*Cause Remanded*

**WILLAMOWSKI and ROGERS, J.J., concur.**

**/jlr**