[Cite as *Hofka v. Hanson*, 2013-Ohio-1285.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STAN HOFKA, et al., | : | **O P I N I O N** |
| Plaintiffs-Appellants, | : | |
| - vs - | : | **CASE NOS. 2012-A-0007 and 2012-A-0008** |
| DAVID L. HANSON, et al., | : | |
| Defendants-Appellees. | : | |

Civil Appeals from the Ashtabula County Court of Common Pleas, Case No. 2010 CV 624.

Judgment: Reversed and remanded.

*Robert S. Wynn*, 7 Lawyers Row, P.O. Box 121, Jefferson, OH 44047 (For Plaintiffs-Appellants Richard S. Gozelanczyk and Gizella I. Gozelanczyk).

*Michael A. Hiener*, P.O. Box 1, Jefferson, OH 44047 (For Plaintiffs-Appellants Stan Hofka and Margaret Hofka).

*Jane Timonere*, Timonere Law Offices, L.L.C., 4 Lawyers Row, Jefferson, OH 44047-1099 (For Defendants-Appellees David L. Hansen, Adelle A. Hansen, Kenneth E. Ziemski, and Judith L. Ziemski).

*Jerome Lascko* and *Maryanne Lascko*, pro se, 5957 Pearl Road, Parma Heights, OH 44130 (Defendants-Appellees).

TIMOTHY P. CANNON, P.J.

{¶1} Appellants, Stan and Margaret Hofka and Richard and Gizella Gozelanczyk, appeal the decision of the trial court granting appellees' motion for summary judgment. The trial court dismissed appellants' claim of adverse possession

finding they could not provide evidence that appellants possessed the disputed property with hostility or exclusivity. We find that a question of fact remains to be resolved solely on the adverse possession claim.

{¶2} Appellees, David and Adelle Hansen[1], purchased property located at 4660 Anderson Road, in 2002. Appellees, Kenneth and Judith Ziemski, live adjacent to the Hansens' west property line. The Hofkas live at 1335 Stanhope-Kelloggsville Road; they acquired this property in 1963. This property shares a back property line with the Hansens and Ziemskis. The Gozelanczyks, who acquired their property in 1979, live adjacent to the Hofkas' east property line; the Gozelanczyks share a portion of the back property line with the Hansens. The properties are located in Pierpont Township, Ashtabula County, Ohio.



EXHIBIT A

---

1. Although the complaint states appellees' name as "Hanson," we note the correct spelling is "Hansen."

2

**{¶3}** This dispute arose in 2002 when the Hansens, upon moving into their residence, had the property surveyed. The surveyor, Jerry Slay, determined the Hansens' property extended beyond the old tract line, which is an old barbed-wire fence.

**{¶4}** Thereafter, appellants filed a complaint alleging appellees wrongfully claimed title to the land beyond the old tract line ("Disputed Property"). This complaint was dismissed without prejudice and refiled in June 2010. While that was pending, appellants amended their complaint to add a claim of adverse possession.

**{¶5}** In their complaint, appellants maintain the Hansens claim title to the Disputed Property by virtue of a survey conducted by Mr. Slay; this survey was conducted upon the Hansens moving into their residence at 4660 Anderson Road. Appellants claim title to the Disputed Property by application of the doctrine of adverse possession. Appellants claim that an old barbed-wire fence, which has been in place for many years, preceding even appellants' ownership of the lands at issue, is the proper line of demarcation. Appellants assert this fence separating the parties' properties has been considered and treated as the boundary line for many years preceding their ownership of the lands at issue until the Hansens had their property surveyed in 2002.

**{¶6}** Appellees filed a motion for summary judgment. In their motion, appellees argue there is no evidence that appellants maintained exclusive possession of the disputed land in a manner that was open, notorious, continuous, and adverse for a period of 21 years—the elements required to prove adverse possession. Appellees attached the depositions of each appellant to support their claim that appellants could

not demonstrate exclusive possession of the Disputed Property continuing uninterrupted for a period of 21 years. For example, Mr. and Mrs. Hofka stated that the Disputed Property was used for growing corn and hay and picking blackberries, but could not recall the exact time-frame of such activities. Mrs. Hofka also stated that a rusted barbed-wire fence existed at the back of the property when the property was purchased. Appellees also attached the affidavit of Mr. Hansen indicating that the old tract line is the remains of a barbed-wire fence that has been broken and in disrepair, and that when he moved into his residence, the wire fence was not visible. Further, Mr. Hansen averred that after appellants' first complaint was dismissed, they never went onto the land or took any action to keep Mr. Hansen off the land.

{¶7} Thereafter, appellants filed a joint response to appellees' motion for summary judgment and a motion for summary judgment in their favor on the complaint. Attached to these motions was the affidavit of Charles Sharp, a surveyor licensed by the state of Ohio. Mr. Sharp averred that he reviewed the survey of Mr. Slay. Mr. Sharp averred that the methods utilized by Mr. Slay "allow[ed] for quite a bit of imprecision in the location of the north south lines." Further, Mr. Sharp averred that "unwritten property rights carry the most weight when making boundary determinations." Appellants also attached an affidavit of Mr. Hofka who averred that when he purchased the property in 1963, the existing fence line was present. Mr. Hofka noted that he used this field for agricultural purposes continuously for "at least 21 years and closer to 40 years"; Mr. Hofka grew crops such as corn, wheat, and hay. Mr. Hofka also averred that when "Plaintiffs Gozelanczyk and a predecessor to Defendants Hansen timbered

their property to sell the trees, each party cut trees up to the old fence line with no objection by the other."

{¶8} The trial court granted appellees' motion for summary judgment based exclusively on the law of adverse possession. In a footnote, the trial court stated that by "now proceeding under a theory of adverse possession, Plaintiffs admit that Defendants hold title to the Disputed Property and that the survey performed by Jerry Slay was correct and accurate."

{¶9} In dismissing appellants' adverse possession claim, the trial court found the deposition testimony of appellants did not suggest their alleged possession of the Disputed Property was either hostile or exclusive. Although the appellants testified to intermittent hunting, berry picking, and four-wheeling on the Disputed Property, the trial court stated that nothing in their depositions suggested notice was given to the Hansens or the Ziemskis that appellants intended to claim possession of the Disputed Property. Furthermore, the trial court stated the following:

{¶10} [T]ypical indicia of 'exclusive' possession are not apparent in this case. [Appellants] did not take any actions, such as erecting a fence or a building on the Disputed Property, which would imply they intended to exclude [appellees] from the wooded area. In fact, the only fence on the Disputed Property appears to predate both the Hofka's and Gozelanczyk's ownership [sic].

{¶11} In this judgment entry, the trial court rendered appellants' motion for summary judgment moot. At the trial court, plaintiffs proceeded based on allegations

5

contained in a joint amended complaint. On appeal, plaintiffs are proceeding as separate appellants.

**{¶12}** Appellants Gozelanczyks' sole assignment of error states:

**{¶13}** The trial court committed prejudicial error in granting defendants-appellees, Hansens' and Ziemskis' motion for summary judgment when their assertion that there was no evidence supporting Gozelanczyks' position was unsupported [sic] and when the materials filed in response showed that there were triable issues in the case on every elemental point.

**{¶14}** Appellants Hofkas' sole assignment of error is:

**{¶15}** "The Trial Court erred in granting Appellees' motion for summary judgment and denying Appellants Hofka's [sic] motion for summary judgment."

**{¶16}** Pursuant to Civil Rule 56(C), summary judgment is proper if:

**{¶17}** (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977).

**{¶18}** To prevail on a motion for summary judgment, the moving party has the initial burden to affirmatively demonstrate that there is no genuine issue of material fact to be resolved in the case, relying on evidence in the record pursuant to Civ.R. 56(C).

6

*Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996).  If this initial burden is met, the nonmoving party then bears the reciprocal burden to set forth specific facts which prove there remains a genuine issue to be litigated, pursuant to Civ.R. 56(E).  *Id.*

{¶19} An appellate court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996).  Thus, the court of appeals applies "the same standard as the trial court, viewing the facts in the case in a light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party." *Viock v. Stowe-Woodward Co.*, 13 Ohio App.3d 7, 12 (6th Dist.1983).

{¶20} It is well established that to succeed in acquiring title by adverse possession in Ohio, the claimant must show exclusive possession that is open, notorious, continuous, and adverse for 21 years.  *Grace v. Koch*, 81 Ohio St.3d 577, 579 (1998), citing *Pennsylvania RR. Co. v. Donovan*, 111 Ohio St. 341, 349-350 (1924).  Failure of proof as to any of the elements results in failure to acquire title by adverse possession.  *Pennsylvania RR. Co. v. Donovan*, *supra*, at 482.

{¶21} Even when an occupier possesses a property under the mistaken belief that he owns such property, adverse possession can be established.  The Ohio Supreme Court, in *Evanich v. Bridge*, 119 Ohio St.3d 260, 2008-Ohio-3820, ¶6, held that adverse possession does not require a showing of subjective intent; the party in possession need not prove that he intended to deprive the owner of the property in question.  The *Evanich* Court stated:  "We have never held that a claimant must establish subjective intent to acquire title to real property of another to prevail on an adverse possession claim."  *Id*. at ¶8.  "'It is the visible and adverse possession with an intent to possess that constitutes [the occupancy's] adverse character, and not the

7

remote motives or purposes of the occupant.' This 'occupancy must be such as to give notice to the real owner of the extent of the adverse claim.'" *Id.*, quoting *Humphries v. Huffman*, 33 Ohio St. 395, 402 (1878).

{¶22} Both the trial court's judgment entry and appellees' motion for summary judgment focused primarily on the events that have taken place since the time the Hansens purchased their property in 2002. For example, the trial court noted that appellants have not taken any action to exclude appellees from the Disputed Property and that any of their suggested activities on the Disputed Property would not have given notice to either the Hansens or the Ziemskis that they intended to claim possession of the area. The trial court also indicated that the Hansens restricted any alleged adverse possession when they called Mr. Slay to reset a pin along the Disputed Property line. Yet, there is evidentiary material that, if believed, would demonstrate that the Gozelanczyks purchased the residence in 1969 and occupied the property in 1979, and that when the Hofkas purchased their residence in 1963, the rusted fence line was in existence and has remained on the properties. In fact, the trial court acknowledged that the existing fence line predated both the Hofkas' and the Gozelanczyks' ownership. *See Franck v. Young's Suburban Estates, Inc.*, 6th Dist. No. 0T-02-040, 2004-Ohio-1650, ¶19 (recognizing that the 21-year period for adverse possession may be satisfied by adding the periods of adverse use by owners in privity with one another).

{¶23} We find *Diefenthaler v. Schuffenecker*, 190 Ohio App.3d 509, 2010-Ohio-5380 (6th Dist.), relied upon by appellants, to be analogous to the instant case. In *Diefenthaler*, the appellate court reviewed the trial court's grant of summary judgment in favor of the appellees, Clarence and Ruth Diefenthaler, in a dispute over the location of

8

the common border between properties owned by the Diefenthalers and adjoining property owned by the appellants, Thomas and Luan Schuffenecker. The trial court found the Diefenthalers acquired ownership of this strip of land through adverse possession.

{¶24} The dispute between the Diefenthalers and the Schuffeneckers arose after a survey of the Diefenthaler property in 2006. This property had been owned by the Diefenthaler family continuously for over 100 years; the property was transferred to Clarence Diefenthaler in 1965. The Schuffeneckers had owned the property directly west of the Diefenthaler property since 1988.

{¶25} Mr. Diefenthaler averred that the strip of land in question, which was a wooded area, had been used for hunting for 50 years. Mr. Diefenthaler noted that for the past 27 years, the strip of land had been used to pasture cows. Mr. Diefenthaler also averred that a wood and wire fence had existed along the occupation line in the wooded area. This fence had deteriorated and only portions of the fence remained, which were discovered along the line of occupation by the surveyor in 2006.

{¶26} The Schuffeneckers averred that they purchased the farm in 1988, but did not claim any knowledge of past uses of this property prior to their purchase.

{¶27} In determining the trial court did not err in granting the Diefenthalers' motion for summary judgment, the appellate court recognized that the Diefenthalers "occupied the contested property for a period of over 21 years prior to 1988 exclusively and in an open, continuous, adverse and notorious manner." *Id.* at ¶36.

{¶28} Here, appellees have not met their burden under *Dresher*, as it cannot be concluded as a matter of law that appellants failed to establish all of the elements of

9

adverse possession. The evidentiary material in the record established that a fence was in existence when the Hofkas and the Gozelanczyks moved into their residences in 1963 and 1979, respectively. Further, there is evidentiary material in the record indicating the Disputed Property had been utilized for hunting, farming, and recreational purposes. Mr. Hofka's affidavit additionally indicated that the previous owners of the Hansens' property considered the existing fence the properties' respective boundary. If a fact finder concluded this was true, such occupation and use would establish the 21-year period required for adverse possession had been satisfied, even when taking the 1979 date as the starting date, at least one year before the Hansens had the property surveyed. Therefore, reasonable minds could differ as to whether appellants had acquired title to the Disputed Property by adverse possession prior to the Hansens moving into their residence and conducting a survey of the property.

{¶29} In addition, the evidentiary material submitted by appellees in support of their motion for summary judgment does not foreclose the issue of whether the alleged use of the property was sufficient to put the owner on notice that a neighbor was asserting ownership in the land. The trial court found as a matter of law that the occasional, recreational use of the land was insufficient to put the owner on notice; however, the evidentiary material submitted in this regard was not clear enough to shift the burden to appellants.

{¶30} We note the trial court observed that by proceeding under a theory of adverse possession, appellants "admit" that appellees hold title to the Disputed Property and that the survey conducted by Mr. Slay was accurate. We do not agree with this conclusion.

10

{¶31} In addition to asserting a claim for adverse possession, appellants sought to quiet title under the doctrine of acquiescence. The doctrine of acquiescence was recognized in 1874 by the Ohio Supreme Court in *Bobo v. Richmond*, 25 Ohio St. 115 (1874). In *Bobo*, the Court stated:

> {¶32} [A]n agreement upon a division line between adjoining land-owners, different from the true line, the true line being a certain, and not a disputed line, and acquiescence by all the parties in such agreed line, for a length of time that would bar a right of entry under the statute of limitations in relation to real estate, would operate to prevent a party purchasing from one of such owners, with notice of the agreed line, from setting up a claim to any line other than that agreed upon, although the occupancy had not been such as, aside from the marking of the agreed line, would amount to a continuous possession of the entire premises up to the agreed line, for the whole time. *Id.* at 121.

{¶33} In their complaint, appellants claim the boundary line is in dispute, and the fence line, which had been in place for many years preceding even appellants' ownership of the lands at issue, is the proper boundary line between the subject properties. Although appellants did not plead this as a separate count, these allegations are consistent with the doctrine of boundary by acquiescence. This doctrine is applicable in situations where adjoining landowners mutually acquiesce and treat a particular line as the boundary between the respective properties. *Miller v. Miller*, 5th Dist. No. 11CA020, 2012-Ohio-2905, ¶16. To apply the doctrine of acquiescence, the

11

adjoining landowner must treat a specific line as the boundary for a specified period of time: most often, the time period equivalent for adverse possession. *See Merriner v. Goddard*, 7th Dist. No. 08-MO-2, 2009-Ohio-3253, ¶57; *Gaskill v. Baughman*, 3d Dist. No. 1-11-62, 2012-Ohio-2130.

**{¶34}** Here, even if the survey of Mr. Slay is correct, the boundary lines of the Disputed Property could have been altered by the acts and agreements of the parties. In pursuing this theory, appellants do not admit that appellees hold title to the Disputed Property by virtue of the survey by Mr. Slay. *See Richardson v. Winegardner*, 3d Dist. No. 1-99-56, 1999 Ohio App. LEXIS 5151 (Nov. 2, 1999), *8 ("[a]cquiescence rests upon the pratical reality that the true location of most boundary lines is uncertain between two property owners, and that neighbors may establish between themselves a boundary evidenced by * * * a line fence, and when these agreements are followed by possession, the boundary so fixed will be conclusive upon them"). However, we note that appellants are attempting to invoke this doctrine against appellees—both subsequent grantees and not the original parties who acquiesced in the location of the property line. Therefore, to be successful under an acquiescence claim, appellants are required to demonstrate that appellees had notice "of his grantor's recognition of the property line as mutually agreed by the adjoining landowners." *Ormandy v. Dudzinski*, 9th Dist. No. 10CA009890, 2011-Ohio-5005, ¶26.

**{¶35}** In the evidentiary material in support of their motion for summary judgment, the Hansens, subsequent grantees of the property, averred they had no knowledge of the purported fence line. Appellants did not present *any* evidence on the issue of appellees' notice of acquiescence by the grantors as to the location of the

12

boundary line between the adjoining properties. *Ormandy*, *supra*, ¶30. As no genuine issue of material fact existed on this point, we find that appellees are entitled to judgment as a matter of law on the doctrine of acquiescence claim.

{¶36} Based on the foregoing, a question of fact remains to be resolved solely on the adverse possession claim. Summary judgment is not appropriate for either party. To the extent indicated, appellants' assignments of error have merit.

{¶37} We therefore reverse the judgment of the Ashtabula County Court of Common Pleas and remand this matter for further proceedings.


CYNTHIA WESTCOTT RICE, J.,

THOMAS R. WRIGHT, J.,

concur.